IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE U. PADILLA,<br><br>    Plaintiff,<br><br>    v.<br><br>MISS BELL, et al,<br><br>    Defendants. | No. C 06-0080 JSW (PR)<br><br>**ORDER OF DISMISSAL**<br><br>**(Docket nos. 2, 6)** |

Plaintiff, formerly detained at the San Francisco Jail, filed this civil rights complaint. Plaintiff has also filed a prisoner motion to proceed *in forma pauperis.* In this order the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

**STATEMENT OF FACTS**

Plaintiff filed this complaint while incarcerated at the San Francisco County Jail. The allegations in the complaint are incomprehensible. Plaintiff apparently seeks to patent his "washcloth art" which he alleges is drawn from an issue of "Barely Legal" magazine. Plaintiff's complaint alleges that he seeks relief under the patent laws as well as compensation for his art.

**DISCUSSION**

I   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II    Legal Claims

Plaintiff's complaint fails to set forth comprehensible allegations stating a claim against anyone. A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although a complaint is not "frivolous" within the meaning of sections 1915A and 1915(e)(2) because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), *see Neitzke*, 490 U.S. at 331, failure to state a claim is a separate basis for dismissal under sections 1915A and 1915(e)(2). A dismissal as legally frivolous is proper only if the legal theory lacks an arguable basis, while under Rule 12(b)(6) a court may dismiss a claim on a dispositive issue of law without regard to whether it is based on an outlandish theory or on a close but ultimately unavailing one. *See id.* at 324-28. A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). Because the Court is unable to ascertain a cognizable federal claim from Plaintiff's incomprehensible complaint, the complaint is dismissed as frivolous.

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for the

2

1 | reasons set forth above.  The Clerk shall close the file, TERMINATE all pending
2 | motions as moot and enter judgment in this case.
3 |     IT IS SO ORDERED.
4 | DATED: May 15, 2006

*Jeffrey S White*
JEFFREY S. WHITE
United States District Judge

3